IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NO. C 06-03344 JW

In re Maxim Integrated Products, Inc. Derivative Litigation

**ORDER CONSOLIDATING RELATED DERIVATIVE CASES AND APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL; STAYING DISCOVERY**

_____/

## I. INTRODUCTION

There are currently four related shareholders' derivative actions (the "Related Derivative Cases") on behalf of Nominal Defendant Maxim Integrated Products, Inc., pending before the Court. Two of the cases have already been consolidated.[1] Presently before the Court are a number of motions to consolidate all four Related Derivative Cases and to appoint lead plaintiff and lead counsel. The Court conducted a hearing on October 23, 2006. Based on the papers filed to date and the oral arguments of counsel, the Court ORDERS (1) the Related Derivative Cases consolidated; (2) City of Pontiac Policemen's and Firemen's Retirement System and Eugene Horkay, Jr. appointed co-Lead Plaintiffs; and (3) Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach") and Schiffrin & Barroway ("Schiffrin") appointed co-Lead Counsel.

---

[1] The Related Derivative Cases are: In re Maxim Integrated Products, Inc. Derivative Litigation, C-06-3344 (filed May 22, 2006); City of Pontiac Policemen's and Firemen's Retirement System v. Gifford, et al., C-06-3754 (filed June 14, 2006); Corey v. Gifford, et al., C-06-3755 (filed June 14, 2006).

## II.  BACKGROUND

On June 14, 2006, the Court consolidated the first two derivative complaints filed on behalf of Maxim Integrated Products <u>Robert McKinney v. Frederick Beck, et al.</u>, C-06-3344, and <u>Eugene Horkay v. Frederick Beck, et al.</u>, C-06-3395.  On that same day, two additional complaints were filed by City of Pontiac Policemen's and Firemen's Retirement System ("Pontiac Retirement System") and Elias Corey ("Corey").  The Court found that these derivative actions were related within the meaning of Civil Local Rule 3-12(a).  (<u>See</u> Related Case Order, Docket Item No. 43.)

On August 15, 2006, all Plaintiffs and Defendants filed a stipulation to consolidate the newest two cases with the two that were previously filed.  The stipulation also extended to the appointment of co-lead plaintiffs and co-lead counsel.  (Docket Item No. 41.)

## III.  DISCUSSION

The Derivative Plaintiffs seek consolidation of the Related Derivative Cases and appointment of lead plaintiff and lead counsel.  The Court must determine whether the cases should be consolidated before it considers the appointment of lead plaintiff and lead counsel.

### A.   **Consolidation of the Related Derivative Cases**

A district court has broad discretion to consolidate actions involving "common issues of law or fact."  Fed. R. Civ. P. 42(a); <u>Investors Research Co. v. United States District Court for the Central District of California</u>, 877 F.2d 777 (9th Cir. 1989).  In exercising its broad discretion to order consolidation, the district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  <u>Huene v. U.S.</u>, 743 F.2d 703, 704 (9th Cir. 1984).

Here, the Derivative Plaintiffs move for consolidation of the two new Related Derivative Cases.  Having reviewed the complaints in these actions, the Court concludes that they all involve virtually identical factual issues, in particular whether the Defendants participated in an illegal stock option backdating scheme.  The legal issues involved in the four actions are substantially similar; each case alleges violations of federal and state securities laws and breaches of the Defendants'

2

1 fiduciary duties. Accordingly, the Court finds it appropriate to consolidate the Related Derivative
2 Cases in keeping with the parties' stipulation.

**B.  Appointment of Lead Plaintiffs**

Under Federal Rule of Civil Procedure 23.1, a plaintiff in a shareholders' derivative action must "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Factors courts have considered in analyzing a plaintiff's fitness to be lead plaintiff include: (1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to any unique defense that would frustrate appointment. See Horn v. Raines, 227 F.R.D. 1, 3 (D.D.C. 2005); Millman v. Brinkley, Nos. 03-cv-3831, 03-cv-3832, 03-cv-0058, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004).

The parties have stipulated that the Pontiac Retirement System and Eugene Horkay should serve as Lead Plaintiffs. Both parties are capable of representing the interests of Maxim and its shareholders. The Court does not find that any factors against establishing this proposed leadership structure, so the Pontiac Retirement System and Eugene Horkay are appointed co-Lead Plaintiffs.

**C.  Appointment of Lead Counsel**

The Lead Plaintiffs have selected Lerach and Schiffrin to represent them in this action. Both firms have substantial experience with similar shareholder actions. The Court finds it appropriate to appoint Lerach and Schiffrin as co-Lead Counsel.

## IV.  CONCLUSION

The Court ORDERS (1) the Related Derivative Cases consolidated; (2) Pontiac Retirement System and Eugene Horkay appointed co-Lead Plaintiffs; and (3) Lerach and Schiffrin appointed co-Lead Counsel.

The consolidated cases shall be identified as *In re Maxim Integrated Products Derivative Litigation*, File No. C-06-3344-JW.

The Plaintiffs shall file their Consolidated Complaint by **December 12, 2006**. Defendants' response or dispositive motion shall be filed by **January 22, 2007**.

3

1  Pursuant to the Court's order in <u>In re: Altera Corp. Derivative Litigation</u>, 06-cv-03447-JW,
2 Docket Item No. 36, discovery is STAYED pending Defendants' anticipated dispositive motion.
3  The parties shall appear for a Case Management Conference on **March 5, 2007**. Pursuant to
4 the Civil Local Rules of the Court, the parties shall file a joint case management statement no later
5 than ten (10) days before the date of the conference.

7 Dated: October 25, 2006

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Christina Leigh Wu christinawu@quinnemanuel.com
Douglas Leavitt LEAVITT@DS-L.COM
Eric L. Zagar ezagar@sbclasslaw.com
John M. Potter johnpotter@quinnemanuel.com
Jonathan Herschel Bornstein jonathan@bornsteinandbornstein.com
Lita M. Verrier lverrier@ropers.com
Michael J. Ioannou mioannou@ropers.com
Patrick C. Doolittle patrickdoolittle@quinnemanuel.com
Scott G. Lawson scottlawson@quinnemanuel.com
Susan Germer susangermer@quinnemanuel.com
Travis E. Downs travisd@lerachlaw.com

**Dated: October 25, 2006**              **Richard W. Wieking, Clerk**

**By: /s/ JW Chambers**
    **Elizabeth Garcia**
    **Courtroom Deputy**